1  LEE JACKSON (BAR NO. 216970)
   JESSICA C. FOSTER (BAR NO. 228796)
2  MILSTEIN JACKSON FAIRCHILD & WADE, LLP
   10250 Constellation Blvd., 14th Floor
3  Los Angeles, California 90067
   Phone: (310) 396-9600
4  Fax:  (310) 396-9635

5  MARK R. HARTNEY (BAR NO. 136824)
   RACHEL M. SANDERS (BAR NO. 258652)
6  PETER A. GRIFFIN (BAR NO. 306201)
   ALLEN MATKINS LECK GAMBLE
7    MALLORY & NATSIS LLP
   865 South Figueroa Street, Suite 2800
8  Los Angeles, California 90017-2543
   Phone:  (213) 622-5555
9  Fax:  (213) 620-8816
   E-Mail: mhartney@allenmatkins.com
10         rsanders@allenmatkins.com
           pgriffin@allenmatkins.com
11
   Attorneys for Plaintiff
12 HOLA COMMUNITY PARTNERS, a California Non-
   Profit Corporation
13

14               UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

17 SG BLOCKS, INC., a Delaware          Case No. 2:20-cv-03432-ODW-RAO
   corporation,
18                                       (Consolidated with 2:20-cv-04386-ODW-
            Plaintiff,                   RAO)
19
        v.                              **HOLA COMMUNITY PARTNERS'**
20                                       **FIRST AMENDED CONSOLIDATED**
   HOLA COMMUNITY PARTNERS, a           **COMPLAINT FOR:**
21 California corporation; HEART OF LOS
   ANGELES YOUTH, INC., a California    **1.    NEGLIGENCE;**
22 corporation; and CITY OF LOS ANGELES,
   a public entity,                     **2.    STRICT PRODUCTS**
23                                       **       LIABILITY;**
            Defendants.
24                                       **3.    STRICT PRODUCTS**
                                         **       LIABILITY (COMPONENT**
25 HOLA COMMUNITY PARTNERS, a           **       PRODUCTS);**
   California Non-Profit Corporation,
26                                       **4.    BREACH OF CONTRACT;**
            Plaintiff,
27                                       **5.    BREACH OF EXPRESS**
        v.                               **       WARRANTY;**
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1217104.02/LA                    -1-                Case No.  2:20-cv-03432-ODW-RAO
                                                    HOLA COMMUNITY PARTNERS' FIRST
                                                    AMENDED CONSOLIDATED COMPLAINT

| | | | |
|---|---|---|---|
| 1 | SG BLOCKS, INC., a Delaware | **6.** | **VIOLATION OF BUSINESS** |

1  SG BLOCKS, INC., a Delaware
   Corporation; TETON BUILDINGS, LLC;
2  AVESI CONSTRUCTION, LLC;
   AMERICAN HOME BUILDING AND
3  MASONRY CORP DBA AMERICAN
   HOME BUILDING; and DOES 1-1000,
4  inclusive,

5              Defendants.

**6.     VIOLATION OF BUSINESS
         AND PROFESSIONS CODE
         §7031(b); AND**

**7.     VIOLATION OF BUSINESS
         AND PROFESSIONS CODE
         §17200 ET SEQ.**

**DEMAND FOR JURY TRIAL**

Trial Date:              None Set
Complaint Filed:         April 13, 2020
Related Complaint Filed:  April 20, 2020

Plaintiff alleges:

1.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

2.     Plaintiff HOLA COMMUNITY PARTNERS (hereinafter "PLAINTIFF") is a California non-profit corporation duly organized and existing under and by virtue of the laws of the State of California.  PLAINTIFF is the owner of the HOLA Performing Arts and Enrichment Center located at 615 S. La Fayette Park Place in the City of Los Angeles, State of California, County of Los Angeles (hereinafter "PROJECT").  The PROJECT is a three-story structure comprised of some forty-six (46) repurposed pre-manufactured steel shipping containers, a new walkway/hallway structure separating the container towers, and a new ensemble room.

3.     PLAINTIFF is informed and believes and based thereon alleges that at all times herein mentioned and material hereto Defendant SG BLOCKS, INC. (hereinafter "SG BLOCKS") was and is a Delaware Corporation organized and existing pursuant to the laws of the State of Delaware and engaged in a business for profit consisting of providing design and construction services for the PROJECT, and was doing business in the City of Los Angeles, State of California, County of Los Angeles.

4.     PLAINTIFF is informed and believes and based thereon alleges that at all times herein mentioned and material hereto Defendant TETON BUILDINGS, LLC (hereinafter "TETON") was and is a Texas Corporation organized and existing pursuant to the laws of the State of Texas and engaged in a business for profit consisting of designing

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1217104.02/LA                                        -2-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

1  and producing repurposed pre-manufactured steel shipping containers for the PROJECT,

2  and was doing business in the City of Los Angeles, State of California, County of Los

3  Angeles.

4       5.     PLAINTIFF is informed and believes and based thereon alleges that at all

5  times herein mentioned and material hereto that Defendant AVESI CONSTRUCTION,

6  LLC (hereinafter "AVESI CONSTRUCTION") was and is a New York Corporation

7  organized and existing pursuant to the laws of the State of New York and engaged in a

8  business for profit consisting of the construction, supervision of construction, and general

9  contracting at the PROJECT, and was doing business in the City of Los Angeles, State of

10  California, County of Los Angeles.

11      6.     PLAINTIFF is informed and believes and based thereon alleges that at all

12  times herein mentioned and material hereto that Defendant AMERICAN HOME

13  BUILDING AND MASONRY CORP DBA AMERICAN HOME BUILDING (hereinafter

14  "AMERICAN HOME BUILDING") was and is a New York Corporation organized and

15  existing pursuant to the laws of the State of California and engaged in a business for profit

16  consisting of the construction, supervision of construction, and general contracting at the

17  PROJECT, and was doing business in the City of Los Angeles, State of California, County

18  of Los Angeles.

19      7.     PLAINTIFF is unaware of the true names, identities and capacities, whether

20  individual, corporate, associate or otherwise of Defendants sued herein as DOES 1-1000,

21  inclusive, and PLAINTIFF will amend this Complaint to allege their true names and

22  capacities when ascertained.  Each of the Defendants, including those identified by

23  fictitious names, and at all times relevant, was acting for itself and/or as the agent, servant

24  and employee of each of the co-defendants and is in some way liable and responsible to

25  PLAINTIFF and breached duties to PLAINTIFF based on the facts herein alleged, and

26  proximately caused injuries and damages to PLAINTIFF.  PLAINTIFF is informed and

27  thereon believes and based thereon alleges that the DOE defendants were involved in the

28  design, planning, structural engineering, soils engineering, civil engineering, architecture,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA                    -3-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

contracting, subcontracting, construction, supplying and/or manufacturing materials for construction, supervision of construction, and/or performing works of construction for the PROJECT, and were partners, agents, subcontractors, independent contractors, employees, subsidiaries, co-joint venturers, or in some other relationship with Defendants regarding the construction, supervision of construction and general contracting of the PROJECT.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

### (PLAINTIFF vs. ALL DEFENDANTS)

8.      PLAINTIFF incorporates by reference all previous paragraphs of this complaint as though set forth in full herein.

9.      Defendants owed a duty of care to PLAINTIFF to plan, design, construct, build, modify, inspect, and manufacture the PROJECT pursuant to its applicable standard of care.  Defendants breached this duty by carelessly and negligently planning, constructing, modifying, inspecting, and/or performing work and services at the PROJECT so as to proximately cause defects and damages to the systems, building, and improvements.  The defects include, without limitation and to various degrees, the following:

A)      Incomplete construction plans, design details, and engineering: Critical connection details not included in the plans and specifications; ADA requirements not detailed; four separate structures built as one that have missing integration details.

B)      Structural defects: defects in walkway/hallway structures (all levels), ensemble room structure, and roof framing structure/s; defective construction assembly of the container stacking attachments and associated assemblies.

C)      Interior walls: defective construction of the wall framing includes improper attachments, missing structural hardware, and improper construction of firewalls.

D)      Plumbing defects: faulty installation of the plumbing systems include non-reaming of pipe, improper attachment of piping to structure, failure to properly install condensate drain lines, and failure to provide proper slope on drain lines.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1217104.02/LA                                          -4-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

E)      Electrical system defects: improperly installed components; lack of properly installed exterior waterproof systems; improperly installed wiring for fire systems and exit signage; and insecure ceiling lighting.

F)      HVAC system defects: improperly installed rooftop systems allow water to enter the structure through unit; ducting and improper penetrations through the roofing assembly causing water damage and bioorganic growth; duct systems lack proper components at fire wall penetrations; HVAC system as installed cannot be properly balanced; thermostats are improperly located.

G)      Roofing system defects: roof system installed improperly at the perimeter of the building; perimeter gutter system not properly integrated with roof membrane; penetrations throughout the roof system leak causing damage to the building interior; sheet metal flashing and counter flashing improperly installed.

H)      Walking decks not properly waterproofed and leak.  Walking decks allow water intrusion into the building resulting in damage to the interior components and resulting in bioorganic infestation causing damage to the PROJECT.  Defective construction of the waterproofing and drainage systems of the walking decks.

I)      Building envelope/waterproofing defects: water leaks through the building envelope at horizontal transitions, vertical transitions, transition details where flashing is missing, unsealed penetrations, defectively installed and/or damaged waterproof membranes, and the roof system.  Exterior cement plaster finishes have defectively installed waterproofing system, causing leaks which allow moisture intrusion and cause decay to concealed framing and structural components and resulting bioorganic growth.

J)      Defective installation of the window assemblies: water leaks at the window flashing assemblies and penetrates the building's envelope and its moisture resistive barrier causing damage to interior components and bioorganic growth.

K)      Plywood subfloor: defectively installed plywood subflooring causing cracking, buckling, and distortion of the interior floor sheathing. Significant sloping and deflection of floors indicative of defectively installed or missing attachments of floor

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA

-5-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

sheathing to structural members. This has damaged the floor finishes that were installed and will damage any future installed hard floor finishes.  Sheathing misaligned where two containers are joined together.

L) Drywall defects: missing drywall and/or taping at draft stops.

M) Fire barriers: missing fire putty at penetrations; improper wiring of fire controls; and improperly constructed firewalls.

N) Bioorganic growth: leaks exist due to window assemblies, roofing system, HVAC systems, exterior finishes and penetrations. Building envelope improperly installed; leaks from walking deck assemblies; leaks from missing flashings; and leaks at container stacking transitions.

O) Life safety: improperly installed and/or missing exit signs; bioorganic growth throughout structure at all levels; trip hazards and gaps adjacent to containers where things could be dropped onto lower walkways or a person/s could partially fall through.

10. Because of the carelessness and negligence of each of the Defendants, and as a proximate result thereof, PLAINTIFF has been damaged in the following ways, as well as others which will be inserted with leave of court when ascertained:

A) PLAINTIFF has been and will be forced to incur expenses for the completion/repairs of the PROJECT to cure the incomplete work, damages, defects and/or deficiencies.  The exact amount of the damages is presently unknown but is expected to exceed the sum of $2,400,000.00.

B) PLAINTIFF has been damaged through the diminution in value of the PROJECT.  PLAINTIFF is unaware of the precise amount of such damage but will establish such amount at time of trial.

C) PLAINTIFF has been forced to retain expert consultants to analyze and determine the method of repairing the aforementioned defects and damage. PLAINTIFF is unaware of the precise amount of such damage but will establish such amount at time of trial.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA

-6-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

D)      PLAINTIFF has been forced to hire a new contractor to complete the unfinished work and correct the faulty work at the PROJECT.  The cost is well in excess of the price stated in the contract between PLAINTIFF and SG BLOCKS.

## SECOND CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

### (PLAINTIFF vs. SG BLOCKS and TETON ONLY)

11.     PLAINTIFF incorporates by reference all previous paragraphs of this complaint as though set forth in full herein.

12.     SG BLOCKS and TETON and each of them, at all times herein mentioned, were in the business of designing and mass manufacturing, producing, distributing, selling and reselling and/or otherwise participated in the stream of commerce for the sale of repurposed pre-manufactured steel shipping containers in and within the County where the PROJECT is located, and selling them to members of the public at large.

13.     Within the last ten years, SG BLOCKS and TETON, and each of them, sold and/or used for construction of the PROJECT in whole or in part the repurposed pre-manufactured steel shipping containers placed into the stream of commerce by SG BLOCKS and TETON.

14.     PLAINTIFF purchased the repurposed pre-manufactured steel containers from SG BLOCKS and TETON and/or contracted with SG BLOCKS and TETON to construct the PROJECT out of same.

15.     The PROJECT was and is defective and unfit for its intended purposes because SG BLOCKS and TETON did not construct the PROJECT in a workmanlike/code-compliant manner as manifested by, but not limited to, numerous defects which have resulted in damage to the PROJECT and its component parts as set forth in Paragraph 9.  Further, SG BLOCKS has judicially admitted that it and TETON were responsible for the defects and damage at the PROJECT, and has alleged that the shipping containers delivered to the PROJECT were "not fit for installation when [they] arrived at the HOLA Project," that the equipment was "nonconforming with numerous

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA

-7-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

defects and flaws in how the units were produced," and that entire sections of the shipping containers were missing, windows were installed in the wrong location, dry wall, and that doors and paint had to be replaced because of shoddy workmanship. (*See*, Complaint filed in *SG Blocks, Inc. v. Teton Buildings, LLC*, Case No. 2019-02827).

16.     PLAINTIFF gave and/or attempted to give SG BLOCKS and TETON due and timely notice of the defective quality of the above-mentioned items.

17.     Because of the defective conditions of the PROJECT as herein above alleged, PLAINTIFF has been specifically damaged as set forth in Paragraph 10.

18.     SG BLOCKS and TETON and each of them as designers, mass producers, distributors, sellers and/or otherwise within the stream of commerce are strictly liable and responsible to PLAINTIFF for all damage suffered as a result of the above described incomplete work, damages, defects and deficiencies in the PROJECT.

## THIRD CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY

### (COMPONENT PRODUCTS)

### (PLAINTIFF vs. DOES 1-200 ONLY)

19.     PLAINTIFF incorporates by reference all previous paragraphs of this complaint as though set forth in full herein.

20.     Does 1-200 (hereinafter COMPONENT PRODUCT MANUFACTURER DEFENDANTS) and each of them, at all times herein mentioned were in the business of designing, mass manufacturing, producing, distributing, selling and reselling the SUBJECT COMPONENT PRODUCTS, within the County where the PROJECT is located, for their installation into the PROJECT.

21.     Within the last ten years, the COMPONENT PRODUCT MANUFACTURER DEFENDANTS and each of them, designed, developed, assembled, manufactured, marketed, mass produced, distributed, sold and resold the SUBJECT COMPONENT PRODUCTS and/or otherwise participated in the stream of commerce for

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1217104.02/LA

-8-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

the sale of the SUBJECT COMPONENT PRODUCTS that were installed into the PROJECT.

22.     At all times herein mentioned and material hereto, COMPONENT PRODUCT MANUFACTURER DEFENDANTS knew and intended that the PROJECT would be owned by a member or members of the public at large and used by them without further inspection for defects.

23.     The SUBJECT COMPONENT PRODUCTS are finished consumer products.

24.     COMPONENT PRODUCT MANUFACTURER DEFENDANTS sold the SUBJECT COMPONENT PRODUCTS.

25.     SUBJECT COMPONENT PRODUCTS were installed into the PROJECT. Those SUBJECT COMPONENT PRODUCTS include, but are not limited to the following:  Repurposed steel containers, windows, exterior/interior door assemblies, sliding glass doors, light fixtures, power distribution panels, HVAC units, compressors, roof overlay and component parts, plumbing fixtures and/or components, structural component parts, fire system components, elevator and controls, and floor covering.

26.     PLAINTIFF owns the PROJECT and by doing so purchased the SUBJECT COMPONENT PRODUCTS.  At all times herein mentioned and material hereto, COMPONENT PRODUCT MANUFACTURER DEFENDANTS knew and intended that the PROJECT and the SUBJECT COMPONENT PRODUCTS would be purchased by the PLAINTIFF.

27.     At the time each of the SUBJECT COMPONENT PRODUCTS left COMPONENT PRODUCT MANUFACTURER DEFENDANTS' custody, control or possession, each SUBJECT COMPONENT PRODUCT was defective and unfit for its intended purposes because the SUBJECT COMPONENT PRODUCT contained defects in its design, parts, and/or materials used to manufacture it, and how it was manufactured, which resulted in foreseeable damage to the PROJECT.

28.     The defects in the SUBJECT COMPONENT PRODUCTS' design, parts and materials used to manufacture them, and how they were manufactured, existed at the time

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA

-9-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

the SUBJECT COMPONENT PRODUCTS left the possession and control of COMPONENT PRODUCT MANUFACTURER DEFENDANTS and were and are common to each of the respective SUBJECT COMPONENT PRODUCTS.

29.     Amongst other things, the defects in the SUBJECT COMPONENT PRODUCTS have caused water intrusion and penetration into the wall systems, cavities and the interior of the PROJECT and have caused resultant damage, including but not limited to:

A)     Damage to interior drywall of the PROJECT;

B)     Damage to perimeter wall systems of the PROJECT;

C)     Damage to the wall systems, cavities and the interior of the PROJECT;

D)     Damage to finished ceiling system;

E)     Damage to light fixtures;

F)     Damage to paint and interior finishes; and

G)     Bioorganic growth.

This intrusion and damage occurred in various locations of the PROJECT.

30.     PLAINTIFF has also suffered the following damages in addition to all other damage alleged in this Complaint as follows:

A)     PLAINTIFF will be forced to incur expenses for the restoration and repairs of the PROJECT to cure the damage, defects and/or deficiencies caused by the SUBJECT COMPONENT PRODUCTS.  PLAINTIFF is unaware of the precise amount of such damage but will establish such amount at time of trial;

B)     PLAINTIFF has been damaged through the cost to repair or replace the SUBJECT COMPONENT PRODUCTS.  PLAINTIFF is unaware of the precise amount of such damage but will establish such amount at time of trial;

C)     PLAINTIFF has been damaged through the diminution in value of the PROJECT caused by the SUBJECT COMPONENT PRODUCTS.  PLAINTIFF is

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1217104.02/LA                    -10-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

1    unaware of the precise amount of such damage but will establish such amount at time of

2    trial; and

3              D)      PLAINTIFF has been forced to retain expert consultants to analyze

4    and determine the method of repairing the aforementioned defective SUBJECT

5    COMPONENT PRODUCTS.  PLAINTIFF is unaware of the precise amount of such

6    damage but will establish such amount at time of trial.

7         31.    Because of the defective design and conditions of the SUBJECT

8    COMPONENT PRODUCTS, as herein alleged, the defective SUBJECT COMPONENT

9    PRODUCTS in the PROJECT need to be removed and replaced with non-defective

10   component products and the resultant damage to the PROJECT caused by the SUBJECT

11   COMPONENT PRODUCTS must be repaired.

12        32.    COMPONENT PRODUCT MANUFACTURER DEFENDANTS, and each

13   of them, as manufacturers, mass producers, distributors and sellers of the SUBJECT

14   COMPONENT PRODUCTS, and/or otherwise having placed their SUBJECT

15   COMPONENT PRODUCTS within the stream of commerce, are strictly liable and

16   responsible to PLAINTIFF for all damage(s) suffered as a result of the above described

17   defects and deficiencies in the SUBJECT COMPONENT PRODUCTS.

18                    **FOURTH CAUSE OF ACTION**

19                       **BREACH OF CONTRACT**

20               **(PLAINTIFF vs. SG BLOCKS ONLY)**

21        33.    PLAINTIFF incorporates by reference all previous paragraphs of this

22   complaint as though set forth in full herein.

23        34.    PLAINTIFF entered into a written contract with SG BLOCKS pursuant to

24   which SG BLOCKS, in exchange for payment of certain sums, agreed to construct and

25   provide to PLAINTIFF a quality constructed PROJECT which was built in a workmanlike

26   manner. (A true and correct copy of the contract (the "Construction Agreement") is

27   attached to this Complaint as **Exhibit "A"** and is incorporated herein by reference).

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1217104.02/LA                    -11-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

35.     PLAINTIFF has performed all conditions, covenants, and promises required by the Construction Agreement in accordance with the terms and conditions of the Construction Agreement.

36.     SG BLOCKS has breached the contract as set forth herein by failing to construct the PROJECT in a workmanlike manner and as called for in the Construction Agreement.

37.     The PROJECT was defective and unfit for its intended purpose because SG BLOCKS did not construct the PROJECT in a workmanlike manner as manifested by, but not limited to, numerous defects and code violations which have resulted in damage to the PROJECT as set forth in Paragraph 9.

38.     Because of SG BLOCKS's breach and the defective conditions of the PROJECT as herein above alleged, PLAINTIFF has been damaged in the following ways as well as others which will be inserted with leave of court when ascertained:

A)     PLAINTIFF was and will be forced to incur expenses for the completion and repairs to correct the defective and damaged work at the PROJECT.  The exact amount of damages is presently unknown but is excepted to exceed the sum of $2,400,000.00.

B)     PLAINTIFF has been forced to hire a new contractor to complete the unfinished work and correct the faulty work at the PROJECT.  The cost is well in excess of the price stated in the contract between PLAINTIFF and SG BLOCKS.

C)     PLAINTIFF has been forced to retain expert consultants to analyze and determine the defects and damages, as well as the method of repairing the aforementioned defects and damage.  PLAINTIFF is unaware of the precise amount of such damage but will establish such amount at the time of trial.

D)     PLAINTIFF has been forced to retain attorneys to prosecute its claims against Defendants and PLAINTIFF is entitled to recover their attorney's fees from SG BLOCKS as authorized by the provisions of the written contract.  (A true and correct copy

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA                                                        -12-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

of the contract is attached to this Complaint as Exhibit "A").  PLAINTIFF is unaware of the precise amount of such damage but will establish such amount at the time of trial.

E)      PLAINTIFF has suffered other damages as a result of the defective conditions at the PROJECT.  PLAINTIFF is unaware of the precise amount of such damages but will establish such amount at the time of trial.

## FIFTH CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

### (PLAINTIFF vs. SG BLOCKS ONLY)

39.     PLAINTIFF incorporates by reference all previous paragraphs of this complaint as though set forth in full herein.

40.     SG BLOCKS expressly warranted through the contract and other documents that the subject PROJECT would be constructed, inspected, and manufactured in accordance with all applicable Federal, State and municipal laws, ordinances, rules and regulations and that the PROJECT would be structurally sound, free of all material defects and constructed for its intended purpose.

41.     PLAINTIFF relied on SG BLOCKS's express representations.

42.     SG BLOCKS breached said warranties in that the PROJECT was not properly constructed and is defective as set forth in Paragraph 9.

43.     PLAINTIFF discovered the defective quality of the above listed items and others and PLAINTIFF thereafter gave SG BLOCKS due and timely notice of the defective quality of the above- mentioned items.  SG BLOCKS refused to rectify said items.

44.     The defects and damages were latent and were not reasonably apparent to PLAINTIFF, and were a substantial factor in causing Plaintiff's harm.  As a result of the foregoing acts or omissions by SG BLOCKS, PLAINTIFF has been damaged as set forth in Paragraph 38.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1217104.02/LA                    -13-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

## SIXTH CAUSE OF ACTION

## VIOLATION OF BUS & PROF CODE § 7031(b)

### (PLAINTIFF vs. SG BLOCKS, AVESI CONSTRUCTION

### and AMERICAN HOME BUILDERS ONLY)

45.     PLAINTIFF incorporates by reference all previous paragraphs of this complaint as though set forth in full herein.

46.     SG BLOCKS, AVESI CONSTRUCTION and AMERICAN HOME BUILDERS engaged in the business of, or acted in the capacity of, a contractor on the PROJECT while performing services for HOLA under their contract.  A valid contractor's license was required to perform these services.  SG BLOCKS, AVESI CONSTRUCTION and AMERICAN HOME BUILDERS did not at all times hold a valid contractor's license in accordance with Chapter 9 of the Business & Professions Code.

47.     HOLA paid SG BLOCKS, AVESI CONSTRUCTION and AMERICAN HOME BUILDERS for contractor services that SG BLOCKS, AVESI CONSTRUCTION and AMERICAN HOMES BUILDERS performed as required by the contract.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF BUS & PROF CODE § 17200 ET SEQ.

### (PLAINTIFF vs. SG BLOCKS, AVESI CONSTRUCTION

### and AMERICAN HOME BUILDERS ONLY)

48.     PLAINTIFF incorporates by reference all previous paragraphs of this complaint as though set forth in full herein.

49.     The actions of SG BLOCKS, AVESI CONSTRUCTION and AMERICAN HOME BUILDERS, as alleged herein, constitute unlawful business practices committed in violation of Business & Professions Code § 17200, et seq.

50.     The actions of SG BLOCKS, AVESI CONSTRUCTION and AMERICAN HOME BUILDERS were unlawful in that they violated Chapter 9 of the Business & Professions Code as described in the Sixth Cause of Action, *supra*.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA

-14-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

51.     PLAINTIFF has suffered injury in fact and has lost money as a result of SG BLOCKS, AVESI CONSTRUCTION and AMERICAN HOME BUILDERS' unlawful business practices.

52.     Pursuant to Business & Professions Code § 17203, PLAINTIFF seeks an order awarding PLAINTIFF restitution of the money wrongfully acquired by SG BLOCKS, AVESI CONSTRUCTION and AMERICAN HOME BUILDERS by means of responsibility attached to their unlawful business practices.

**WHEREFORE**, PLAINTIFF prays for judgment against the Defendants, and each of them, as follows:

**FIRST, SECOND, THIRD, FOURTH AND FIFTH**

**CAUSES OF ACTION:**

1.     For costs to complete the PROJECT, including the cost of restoration and repairs, in excess of $4,000,000.00;

2.     For costs of investigation;

3.     For diminution of value of the PROJECT according to proof at time of trial;

4.     For expert fees and costs of suit;

5.     For loss of use of the PROJECT;

6.     For such other and further relief as the Court deems just and proper.

**FIRST, SECOND, FOURTH, FIFTH, SIXTH AND SEVENTH**

**CAUSES OF ACTION:**

7.     For attorney's fees against defendant SG Blocks, Inc. only.

//

//

//

//

//

//

//

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA                    -15-                    Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

**SIXTH AND SEVENTH CAUSES OF ACTION:**

8.     For restitution in excess of $4,200,000.00 pursuant to Business and Professions Code §§ 7031(b) and 17203.

Dated:  August 19, 2020                    ALLEN MATKINS LECK GAMBLE
                                                        MALLORY & NATSIS LLP


                                        By:     _/s/ Mark R. Hartney_____
                                                        MARK R. HARTNEY
                                                        Attorneys for Plaintiff,
                                                        HOLA COMMUNITY PARTNERS, a
                                                        California Non-Profit Corporation

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA                              -16-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues properly so tried.

Dated:  August 19, 2020

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____ */s/ Mark R. Hartney* _____
MARK R. HARTNEY
Attorneys for Plaintiff,
HOLA COMMUNITY PARTNERS, a
California Non-Profit Corporation

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1217104.02/LA

-17-

Case No.  2:20-cv-03432-ODW-RAO
HOLA COMMUNITY PARTNERS' FIRST
AMENDED CONSOLIDATED COMPLAINT