O

# United States District Court
# Central District of California

| | |
|---|---|
| SG BLOCKS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>HOLA COMMUNITY PARTNERS, et al.,<br><br>        Defendants.<br><hr>HOLA COMMUNITY PARTNERS,<br><br>        Plaintiff,<br><br>   v.<br><br>SG BLOCKS, INC., et al.,<br><br>        Defendant and Third-Party Plaintiff,<br><br>   v.<br><br>TETON BUILDINGS, LLC, et al.,<br><br>        Third-Party Defendants. | Lead Case №:<br>  2:20-cv-03432-ODW (RAOx)<br><br>Consolidated Case №:<br>  2:20-cv-04386-ODW (RAOx)<br><br>**ORDER GRANTING THIRD PARTY DEFENDANT MCINTYRE'S MOTION FOR PARTIAL SUMMARY JUDGMENT [153]** |

## I. INTRODUCTION

This is a consolidated construction dispute involving HOLA Community Partners ("HOLA") and Heart of Los Angeles Youth, Inc. (together, "HOLA Parties"),

the lessors of land for a construction project; SG Blocks, Inc., a contractor for the project; and several subcontractors. SG Blocks filed a Complaint against HOLA, HOLA filed a Complaint against SG Blocks, and SG Blocks impleaded several subcontractors by way of a Third-Party Complaint.

Third-Party Defendant The McIntyre Company, a subcontractor, moves for partial summary judgment against SG Blocks' claim for express indemnity in SG Blocks' First Amended Third-Party Complaint. (Mot. Summ. J. ("Motion" or "Mot."), ECF No. 153.) The Motion is fully briefed. (Stip. Lack of Contractor's License ("Stip."), ECF No. 154; Opp'n, ECF No. 156; Reply, ECF No. 157.) As explained below, the Court finds that, under California law, SG Blocks' unlicensed status during construction precludes it from asserting a claim against McIntyre for express indemnity. Accordingly, the Court **GRANTS** McIntyre's Motion.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

The HOLA Parties are non-profit organizations that provide at-risk youth with free academic, art, and athletic programs. (Order Mot. Dismiss 3, ECF No. 68.) HOLA operates an arts and recreation center in Lafayette Park in Los Angeles, California. (*Id.*) The present dispute concerns construction of the center, referred to herein as the "Project."

In September 2017, HOLA entered into an agreement with the City of Los Angeles concerning leasing the land and constructing the Project. (Compl. ¶ 11, ECF No. 1.) HOLA then entered into a contract with SG Blocks to, among other things, install, fabricate, and deliver modular units in connection with the Project. (*Id.* ¶ 16.) In turn, SG Blocks hired several subcontractors to assist with construction on the Project, including movant McIntyre. (First Am. Third-Party Compl. ("Third-Party Compl.") ¶ 22–34, ECF No. 79.) SG Blocks subcontracted with McIntyre to install metal decking for the Project. (*Id.* ¶ 28; Stip. ¶ 2.) SG Blocks and McIntyre's

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P 78; C.D. Cal. L.R. 7-15.

subcontract ("Contract") includes the following indemnity provision:

> The McIntyre Company shall indemnify, protect, defend and hold [SG Blocks] . . . harmless from and against any and all claims, damages, loss, harm, and expenses, including, but without limitation to, attorneys' fees, expenses, and Court or Arbitration costs, which arise out of or result from the Work rendered under this Agreement, provided, however, that such claim, damage, loss, harm, or expense is attributed to bodily injury, sickness, death, or other injury to or destruction of property, which is caused in whole or in party by the willful misconduct, negligent acts or omissions of [McIntyre], or its employees or other agents.  These obligations shall survive the completion of the Work and/or termination of this Agreement.

(Third-Party Compl. ¶ 41.)

On April 13, 2020, SG Blocks filed this action against the HOLA Parties, alleging that, among other things, HOLA failed to timely pay SG Blocks. (Compl. ¶ 42.) On April 20, 2020, HOLA filed a suit against SG Blocks in Los Angeles Superior Court, claiming SG Blocks' construction on the Project was structurally defective and incomplete. Compl. ¶ 8, *HOLA Cmty. Partners v. SG Blocks, Inc., et al*, No. 2:20-cv-04386-ODW (RAOx) (C.D. Cal filed May 14, 2020) ("*HOLA II*"), ECF No. 1-3. After SG Blocks removed *HOLA II* to federal court, the Court consolidated the two cases. (Min. Order Consolidate, ECF No. 26); Min. Order Consolidate, *HOLA II*, ECF No. 16.

On July 23, 2021, SG Blocks filed its First Amended Third-Party Complaint, bringing McIntyre into the action as a Third-Party Defendant. (Third-Party Compl. ¶ 28.) SG Blocks alleges that some of its liability to HOLA results from McIntyre's defective work, and accordingly, pursuant to the Contract's indemnity provision, SG Blocks is entitled to indemnity from McIntyre if the former is found liable to HOLA. (*Id*. ¶¶ 45–46.)

SG Blocks did not hold a valid contractor's license from the California Contractors State License Board during its work on the Project. (Stip. ¶ 3.) Under

California law, all contractors doing business in the state must be licensed. *Siry Inv., L.P. v. Farkhondehpour,* 45 Cal. App. 5th 1098, 1139 (2020) (citing section 7031(a)), *rev'd in part on other grounds*, 13 Cal. 5th 333 (2022). Moreover, section 7031(a) imposes stark consequences for unlicensed California contractors:

> [N]o person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action, or recover in law or equity in any action, in any court of this state for the collection of compensation for the performance of any act or contract where a license is required by this chapter without alleging that they were a duly licensed contractor at all times during the performance of that act or contract regardless of the merits of the cause of action brought by the person . . . .

Cal. Bus. & Prof. Code § 7031(a).

McIntyre now moves for summary judgment on SG Blocks' express indemnity claim on the grounds that section 7031(a) bars SG Blocks, an unlicensed contractor, from seeking express indemnity. (Mot. 6.) The parties stipulate that the three facts material to this Motion—that HOLA had a contract with SG Blocks, that SG Blocks had a subcontract with McIntyre, and that SG Blocks was unlicensed—are undisputed. (Stip.)

### III. LEGAL STANDARD

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In general, when there are no factual disputes and all that remain are questions of law, it is appropriate to resolve those questions by way of summary judgment. *See, e.g.*, *McCoy v. Major League Baseball*, 911 F. Supp. 454, 456 (1995). Of particular relevance here, "[w]hen . . . the only issue raised is a question of statutory interpretation, for example the legislative intent behind a given law, it is appropriate to decide the issue by summary judgment." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 317 F. Supp. 2d 1188, 1191 (C.D. Cal. 2004).

## IV. DISCUSSION

Indemnification is a contract-based principle that "save[s] another from a legal consequence of the conduct of one of the parties, or of some other person." Cal. Civ. Code § 2772. It creates an "obligation resting on one party to make good a loss or damage another party has incurred." *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal. 3d 622, 628 (1975). Claims for express indemnity are based on express contract language; thus, "courts look first to the words of the contract to determine the intended scope of the indemnity agreement." *Centex Golden Const. Co. v. Dale Tile Co.*, 78 Cal. App. 4th 992, 997 (2000).

The parties agree that SG Blocks was unlicensed at the relevant times, (Stip. ¶ 3), and dispute only the effect of section 7031(a) on the viability of SG Blocks' claim for express indemnity. McIntyre argues rather straightforwardly that section 7031(a) bars SG Blocks from asserting claims for express indemnity because SG Blocks was unlicensed during the construction of the Project. (Mot. 6.) SG Blocks disagrees and argues that section 7031(a) refers specifically to construction services, and that the statute applies only when an unlicensed contractor provides construction services and then sues for "compensation" for those services. (Opp'n 4); Cal. Bus. & Prof. Code § 7031(a). SG Blocks argues that that section 7031(a) therefore does not apply here because SG Blocks is not pursuing payment for services rendered but is instead pursuing compensation for its own liability to HOLA based on McIntyre's failure to provide construction services. (*Id.* at 5–6.)

California appellate courts are split on whether the term "compensation" in section 7031(a) includes payments made pursuant to an express indemnity agreement. *See Ranchwood Communities Ltd. P'ship v. Jim Beat Constr. Co.*, 49 Cal. App. 4th 1397, 1418 (1996) (finding section 7031(a) prohibits unlicensed contractors from asserting claims for express indemnity); *but see UDC-Universal Dev., L.P. v. CH2M Hill*, 181 Cal. App. 4th 10, 26 (2010) (finding section 7031(a) does not apply to claims for express indemnity). In the absence of a controlling California Supreme

Court decision, a federal court applying California law must "predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids." *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003). Thus, this Court must predict how the California Supreme Court would resolve the split of authority regarding the reach of section 7031(a).

"[W]hen a federal court sitting in diversity interprets a state statute, it must apply state rules of statutory construction." *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1140 (C.D. Cal. 2006) (citing *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 527 (9th Cir. 2001)). Under California law, the words of the statute itself are the starting point. *Pac. Gas & Elec. Co. v. County of Stanislaus*, 16 Cal. 4th 1143, 1152 (1997) Courts first "accord words their usual, ordinary, and common sense meaning." *In re Rojas*, 23 Cal. 3d 152, 155 (1979). If this approach uncovers ambiguity in the text of the statute, then "the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes." *Pac. Gas & Elec.*, 16 Cal. 4th at 1152.

Here, the question is whether, under these principles, express indemnity constitutes the "collection of compensation for the performance of any act or contract where a license is required." Cal. Bus. & Prof. Code § 7031(a). This language is ambiguous as applied to the facts of this case; it is not clear whether "compensation" includes the payment of an express indemnity in a construction contract. Given that ambiguity, the Court looks to both the purpose of section 7031(a) and case law to determine whether the statute bars claims for express indemnity. *Gravquick*, 323 F.3d at 1222.

Section 7031(a) serves to "protect the public from incompetence and dishonesty in those who provide building and construction services." *Hydrotech Sys., Ltd. v. Oasis Waterpark,* 52 Cal. 3d 988, 995 (1991) (citing *Lewis & Queen v. N.M Ball Sons*, 48 Cal. 2d 141, 149–50 (1957)). It represents "a legislative determination that the

importance of deterring unlicensed persons from engaging in the contracting business outweighs any harshness between the parties, and that such deterrence can best be realized by denying violators the right to maintain any action for compensation in the courts of the state." *Lewis & Queen*, 48 Cal. 2d at 151. In order to enforce licensure requirements and protect the public, section 7031(a) "imposes strict and harsh penalties for a contractor's failure to maintain proper licensure." *MW Erectors, Inc. v. Niederhauser Ornamental & Metal Works Co.*, 36 Cal. 4th 412, 418 (2005).

In order to effectuate this purpose, the term "compensation" should not be narrowly construed; rather, it should be "read in its usual and ordinary sense, which imports payment or reward in any form." *Ahdout v. Hekmatjah,* 213 Cal. App. 4th 21, 32 (2013) (citing *Johnson v. Mattox*, 257 Cal. App. 2d 714, 718 (1968)). Accordingly, this Court reads "compensation" as including payments pursuant to an express indemnity provision.

This conclusion is supported by the *Ranchwood* court's reasoning regarding the illegality of a construction contract in which one of the parties is unlicensed. *Ranchwood*, 49 Cal. App. 4th at 1418 ("Express indemnity payments are very similar to breach of contract damages in this context, and the contracts here (construction subcontracts) are illegal due to the lack of a . . . license, so they may not be enforced and no compensation can be sought under them."). Here, to legally enter into a subcontract with McIntyre, California law requires SG Blocks to have proper licensure as a general contractor. But because SG Blocks' ability to legally enter into the Contract is contingent upon its licensure, it cannot demand that McIntyre perform the indemnity clause of the contract, nor collect compensation for it. *Id.* ("But for the illegal construction contract, there would be no subcontracts for indemnity or otherwise.").

Moreover, the text of section 7031(a) itself clarifies that its prohibition applies "regardless of the merits of the cause of action," indicating that the Legislature considers public policy underpinning the need for licensure to outweigh any notion

that such a result would be unfair to the unlicensed contractor. *See Hydrotech Sys.*, 52 Cal. 3d at 996–97 ("Perhaps [the unlicensed contractor's] good faith alters the balance of equities in its favor. As we have seen, however, the deterrent purpose of section 7031 outweighs any harshness in a particular case." (footnote omitted)).

Although the unpublished California cases are not entirely uniform on this issue, the weight of the authority appears to favor interpreting section 7031(a) as barring express indemnity claims brought by unlicensed contractors. *See Daniels v. San Diego Grand Prix Ass'n*, No. D044849, 2005 WL 2659925, at *6 (Cal. Ct. App. Oct. 19, 2005) (finding an unlicensed contractor could not enforce any of the terms of its contract, including the express indemnity provision); *see also Maraziti v. Stone*, No. E047306, 2010 WL 2556891, at *6 (Cal. Ct. App. June 25, 2010) (finding express indemnity claims by an unlicensed contractor were barred under section 7031(a)); *Cabot, Cabot & Forbes Dev. Co. v. D.W. Burhoe Const., Inc.*, No. B152173, 2002 WL 864423, at *4 (Cal. Ct. App. May 7, 2002) (same).

For these reasons, the Court determines that the California Supreme Court, were it to examine this issue, would find that section 7031(a) bars unlicensed contractors' express indemnity claims. *Gravquick*, 323 F.3d at 1222. Here, because SG Blocks is unlicensed, section 7031(a) renders McIntyre's express indemnity obligation to SG Blocks unenforceable. Accordingly, the Court **GRANTS** McIntyre's Motion.[2]

### V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** McIntyre's Motion for Partial Summary Judgment. (ECF No. 153). SG Blocks' first cause of action for

---

[2] In its Separate Statement, SG Blocks adds an additional, purportedly disputed fact to the parties' stipulated facts, as follows: "HOLA entered into the direct contract with the owner, SG Blocks did not, so SG Blocks cannot be the general contractor." (Separate Statement ¶ 5, ECF No. 156-1.) Even if this fact is disputed, it is not material. The question is not whether SG Blocks was the general contractor; the question is more generally whether SG Blocks was acting as a contractor, which under California law includes "a person or entity who (1) actually performs construction services; [or] (2) 'supervise[s] the performance of construction services.'" *Siry Inv., L.P.*, 45 Cal. App. 5th at 1139 (quoting *Contractors Labor Pool, Inc. v. Westway Contractors, Inc.*, 53 Cal. App. 4th 152, 165 (1997)). No party argues that SG Blocks was not a contractor under this definition.

express contractual indemnity against McIntyre as asserted in the First Amended Third-Party Complaint is **DISMISSED** on the merits and with prejudice.

     **IT IS SO ORDERED.**

     October 12, 2022

                                    **OTIS D. WRIGHT, II**
                           **UNITED STATES DISTRICT JUDGE**