O

# United States District Court
# Central District of California

| | |
|---|---|
| SG BLOCKS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HOLA COMMUNITY PARTNERS et al.,<br><br>　　　　　Defendants.<br><br>HOLA COMMUNITY PARTNERS,<br><br>　　　　　Consolidated Plaintiff,<br><br>　　v.<br><br>SG BLOCKS, INC. et al.,<br><br>　　　　　Consolidated Defendant<br>　　　　　and Third-Party Plaintiff,<br><br>　　v.<br><br>TETON BUILDINGS, LLC et al.,<br><br>　　　　　Third-Party Defendants. | Lead Case №:<br>　2:20-cv-03432-ODW (RAOx)<br><br>Member Case №:<br>　2:20-cv-04386-ODW (RAOx)<br><br>**ORDER GRANTING SADDLEBACK'S MOTION TO SET ASIDE DEFAULT [194] AND DENYING SG BLOCKS'S SECOND MOTION FOR DEFAULT JUDGMENT [182]** |

## I.　INTRODUCTION

　　This represents Third-Party Plaintiff SG Blocks, Inc.'s second attempt at obtaining an entry of default judgment against Third-Party Defendants Avesi

Construction, LLC and Saddleback Roofing, Inc. (*See* Mot. Default J. ("MDJ"), ECF No. 182.)[1] This time, however, Saddleback concurrently moves the Court to set aside its entry of default. (Mot. Set Aside Default ("MSAD"), ECF No. 194.) For the following reasons, the Court **GRANTS** Saddleback's Motion to Set Aside Default, (ECF No. 194), and **DENIES** SG Blocks's Motion for Entry of Default Judgment, (ECF No. 182).[2]

## II. BACKGROUND

The Court detailed the factual background and procedural history of this case in its Order denying SG Blocks's first motion for default judgment as to Avesi and Saddleback. (*See* Order Den. First Mot. Default J. 2–6, ECF No. 175.) Because reiterating that detail here would be unnecessarily repetitive, the Court includes below only a brief summary of this action's rather extensive history.

This case is a consolidated construction dispute involving HOLA Community Partners ("HOLA") and Heart of Los Angeles Youth, Inc. (collectively, the "HOLA Parties"), the proponents of the construction project; SG Blocks, a contractor for the project; and several subcontractors. The dispute arises out of the construction of an arts and recreation center in Lafayette Park in Los Angeles, California (the "Project"). In connection with the Project, HOLA entered into a contract with SG Blocks to perform the construction of the center. (HOLA First Am. Consol. Compl. ("FACC") ¶ 34, ECF No. 31.) SG Blocks, in turn, subcontracted with Avesi to install modular workspace units, (SG Blocks First Am. Third-Party Compl. ("FATPC") ¶ 23, ECF No. 79), and subcontracted with Saddleback to provide roofing for the Project, (*id.* ¶ 32, Ex. J ("Saddleback Proposal")).

According to HOLA, SG Blocks and its subcontractors provided incomplete design plans, delivered dangerously defective building materials, failed to meet deadlines, and performed defective construction work. (FACC ¶ 9.) These alleged

---

[1] ECF numbers in this Order refer to those in the lead case.
[2] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

structural defects were, in part, related to the construction of both the roof system and the modular workspace units. (*Id.* ¶ 9(B), (C), (G).) HOLA eventually terminated its agreement with SG Blocks and hired a nonparty to complete construction of the project at additional expense. (*Id.* ¶¶ 10(D), 38(B).)

Almost three years after this case was initially filed, the parties informed the Court that they reached a global settlement of the case, resolving all claims against all parties, with the exception of Avesi and Saddleback who had both failed to appear in this matter at that time. (Stip. Dismiss, ECF No. 169.) Pursuant to the settling parties' stipulation, the Court dismissed the entire consolidated action against all parties except Avesi and Saddleback. (Order Granting Stip. Dismiss, ECF No. 170.) The only claims that remain active were the three causes of action that SG Blocks asserts against Avesi and Saddleback in its First Amended Third-Party Complaint: (1) contractual indemnity, (2) equitable indemnity, and (3) contribution. (FATPC ¶¶ 38–56.)

Because neither Avesi nor Saddleback had "answered []or otherwise responded formally to the Plaintiff[']s Summons and Complaint," the Clerk entered default against both parties. (Decl. John C. Goodman ISO Entries of Default ¶ 2(C), ECF Nos. 127, 131; Entries of Default, ECF Nos. 134, 135.)

On February 28, 2023, SG Blocks moved the Court to enter default judgment against Avesi and Saddleback. (First Mots. Default J., ECF Nos. 171, 172.) The Court denied both motions, citing "deficiencies related to (1) the procedural requirements, (2) the second and third so-called *Eitel* factors, and (3) proof of damages." (Order Den. First Mot. Default J. 7.) The Court allowed SG Blocks an opportunity to amend its motions to cure the deficiencies identified in its Order. (*Id.*)

SG Blocks now again moves the Court to enter default judgment against Avesi and Saddleback. (MDJ.) However, on September 18, 2023, SG Blocks and Saddleback informed the Court that they "were interested in working toward a resolution/settlement in this matter." (Stip. Continue Hr'g, ECF No. 189.) The Court

ultimately continued the hearing on SG Blocks's motion to allow the parties to either reach an agreement or for Saddleback to move the Court to set aside its default. (Order Continuing Hr'g, ECF No. 191.) On October 13, 2024, Saddleback moved the Court to set aside the entry of its default. (MSAD.)

## III. SADDLEBACK'S MOTION TO SET ASIDE DEFAULT

Considering that entry of default is a prerequisite for the entry of default judgment, *see generally* Fed. R. Civ. P. 55(b), the Court first considers Saddleback's motion to set aside the Clerk's entry of its default. Saddleback's motion is unopposed. The Court could grant Saddleback's motion on this basis alone.[3]

### A. Legal Standard

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). District courts consider the following three factors to determine whether there is good cause to set aside the entry of default: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1109, 1111 (9th Cir. 2011) (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "Where timely relief is sought from a default . . . , doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyards Mgmt.*, 783 F.2d 941, 945–46 (9th Cir. 1986) (second alteration in original) (quoting *Schwab v. Bullock's Inc.*, 508 F.2d 353, 355 (9th Cir. 1974)).

---

[3] Although SG Blocks repeatedly refused to agree with Saddleback to set aside its default, (Decl. Casey Pope ISO MSAD ¶¶ 3–5, ECF No. 194-2), SG Blocks then failed to oppose Saddleback's motion to set aside default, thereby creating the unnecessary need for the Court to resolve this motion. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document . . . may be deemed consent to the granting or denial of the motion."); *see also BioQ Pharma Inc. v. Star Cap. Inv. LLC*, No. 23-cv-00399-AMO, 2024 WL 116306, at *4 (N.D. Cal. Jan. 10, 2024) ("Plaintiff long could have stipulated to set aside the default and proceed on the merits of the case, obviating the need for the Court to resolve these two motions.").

### B. Discussion

Saddleback contends that the Court should set aside the entry of default because (1) nonculpable conduct led to the default, (2) Saddleback has a meritorious defense, and (3) setting aside default would not prejudice SG Blocks. (MSAD 2–3.)

### 1. Culpability

A defendant "is culpable if [it] has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). Even a neglectful failure to answer is not necessarily culpable if the defendant "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). Ultimately, a defendant's "careless failure to timely respond to a complaint does not rise to the level of intentional, culpable conduct unless other equitable factors weigh heavily against setting aside a default." *Whitaker v. GGET Larchmont LLC*, No. 2:19-cv-09411-DMG (JCx), 2020 WL 1972291, at *2 (C.D. Cal. Mar. 17, 2020) (citing *Mesle*, 615 F.3d at 1092).

Here, Saddleback argues that its "delay in responding was not due to any purposeful avoidance of the matter, but had to do with Saddleback's carrier's investigation and assessment related to the determination and resolution of coverage issues," which resulted in the file "being 'lost in the shuffle.'" (MSAD 2.) The carrier "ultimately retained defense counsel who has been working with SG Blocks to try to reach a resolution in this matter." (*Id.*) Although perhaps negligent in nature,

the reason for the delay was not aimed at gaining an advantage of the opposing party or a product of purposeful avoidance, but rather the result of a clerical error. Applying the standards set forth in *Brandt*, *Albright*, and *Mesle*, although the underlying conduct leading to the default appears to be "careless," it does not rise to the level of culpable misconduct, and this factor weighs in favor of setting aside the entry of default.

### 2. *Meritorious Defenses*

The second factor asks the Court to consider whether Saddleback raises meritorious defenses against SG Blocks's claims. *See Brandt*, 653 F.3d at 1111. The defendant bears the burden to "present specific facts that would constitute a defense." *TCI*, 244 F.3d at 700. However, "the burden . . . is not extraordinarily heavy," *id.*, and the defendant need only present "sufficient facts that, if true, would constitute a defense," *Mesle*, 615 F.3d at 1094. A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986).

Here, Saddleback argues that certain categories of damages that SG Blocks attributes to Saddleback "were not within Saddleback's scope of work for roofing installation." (MSAD 9.) Saddleback supports this contention by pointing to SG Blocks's expert report that identifies other factors contributing to the damages that SG Blocks attributes entirely to Saddleback. (S*ee id.* at 10–12.) Although the Court cannot, at this time, determine whether Saddleback's defense will ultimately succeed, that conclusion is not necessary for this dispute to constitute a potentially meritorious defense for the purposes of *Brandt*, and this factor therefore also weighs in favor of setting aside Saddleback's default.

### 3. *Prejudice*

Under the final factor, the Court considers whether setting aside default will prejudice SG Blocks. *See Brandt*, 653 F.3d at 1111. A plaintiff is prejudiced if its

"ability to pursue [its] claim will be hindered." *TCI*, 244 F.3d at 701. However, "[t]o be prejudicial, the setting aside of a [default] . . . must result in greater harm than simply delaying resolution of the case." *Id.* Here, setting aside Saddleback's default would allow for this case to be decided on its merits. Beyond the delay caused, the record does not reflect that Saddleback's initial default has caused any harm to SG Blocks's ability to pursue its claims. Accordingly, this factor weighs further in favor of setting aside Saddleback's default.

In conclusion, the Court finds all three of the relevant factors weigh in favor of setting aside the entry of Saddleback's default and, accordingly, there is good cause to set aside the entry of default. The Court **GRANTS** Saddleback's Motion to Set Aside Entry of Default. (ECF No. 194.)

## IV. MOTION FOR DEFAULT JUDGMENT

The Court next considers SG Blocks's Motion for Default Judgment against Avesi and Saddleback. (MDJ.)

**A. Legal Standard**

Federal Rule of Civil Procedure ("Rule") 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a). Fed. R. Civ. P. 55(b). However, before a court can enter default judgment against a defendant, the plaintiff must satisfy the procedural requirements in Rules 54(c) and 55, and Local Rules 55-1 and 55-2. Fed. R. Civ. P. 54(c), 55; C.D. Cal. L.R. 55-1, 55-2. If these procedural requirements are satisfied, a district court has discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *PepsiCo, Inc., v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) ("A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment.").

Generally, after the Clerk enters a default, the defendant's liability is conclusively established, and the well-pleaded factual allegations in the plaintiff's complaint "will be taken as true" except those pertaining to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting

*Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The court need not make detailed findings of fact in the event of default, except as to damages. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990). Thus, the plaintiff is required to provide proof of all damages sought in the complaint.

**B. Discussion**

As a preliminary matter, because the Court has granted Saddleback's motion to set aside default, the Court **DENIES AS MOOT** SG Blocks's motion for entry of default judgment as to Saddleback. Accordingly, the Court only considers whether entry of default judgment is appropriate as to Avesi.

*1. Procedural Requirements*

Central District Local Rule 55-1 establishes that parties moving for default judgment must submit a declaration establishing (1) when and against which party default was entered; (2) the pleading to which default was entered; (3) whether the defaulting party is a minor or incompetent person; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that the defaulting party was properly served with notice, if required under Rule 55(b)(2). In turn, Rule 55(b)(2) requires written notice on the defaulting party "[i]f the party against whom a default judgment is sought has appeared personally or by a representative." Fed. R. Civ. P. 55(b)(2).

In its first Order denying SG Blocks's motion for default judgment, the Court stated that the requirements that apply to Avesi "are crucial," and "SG Blocks' declarations of counsel do not address these requirements." (Order Den. First Mot. Default J. 7.) This time again, neither SG Blocks's Motion nor counsel's declaration in support thereof identify either when default was entered against Avesi or the pleading to which default was entered. Because SG Blocks, for the second time, fails to comply with the Local Rules, the Court may *again* properly deny SG Blocks's motion on this basis.

### 2. *Eitel* Factors

In exercising discretion in whether to enter default judgment, courts consider the "*Eitel* factors": (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted).

In its prior Order denying SG Blocks's motion for default judgment, the Court identified three "material concerns" regarding the second and third *Eitel* factors: SG Blocks's failure to (1) address the effect of SG Blocks's unlicensed status in light of the Court's prior finding regarding unlicensed contractors asserting contractual indemnity claims, (2) demonstrate that part of the judgment should be entered in joint and several fashion, and (3) meaningfully engage with the elements of any of its claims. (Order Den. First Mot. Default J. 8–12.) The Court considers whether SG Blocks remedied each deficiency.

#### a. The effect of SG Blocks's unlicensed status

Previously in this case, one of the Third-Party Defendants, the McIntyre Company, moved for partial summary judgment on SG Blocks's cause of action for express indemnity, arguing that California Business and Professions Code section 7031(a) prevented SG Blocks, as an unlicensed contractor, from obtaining a judgment of express indemnity against McIntyre. (Mot. Partial Summ. J., ECF No. 153.) The Court agreed with this position and dismissed SG Blocks's claim against McIntyre for contractual indemnity. (Order Granting Partial Summ. J., ECF No. 166.)

When SG Blocks first moved for the entry of default judgment against Avesi, the Court stated that the legal determination barring SG Blocks's claim for contractual indemnity against McIntyre appeared to bar the same claim against Avesi. (Order Den. First Mot. Default J. 9.) Accordingly, the Court stated that "SG Blocks shall either stipulate to dismissal of its contractual indemnity claim against Avesi or shall demonstrate why the Court's prior legal determination regarding section 7031(a) shall not apply." (*Id.* at 9–10.) In response, SG Blocks states that, considering that the Court's prior ruling is now the law of the case, it "does not seek a default judgment against Avesi . . . for contractual indemnity." (MDJ 9.) This concession thus resolves the Court's concerns regarding the entry of default judgment as to SG Blocks's contractual indemnity claim.

          b.    <u>Joint and several liability</u>

Next, the Court expressed concerns "that SG Blocks fails to support its request for a judgment of liability that is joint and several." (Order Den. First Mot. Default J. 11.) Specifically, the Court noted the lack of argument or evidence that Avesi and Saddleback jointly caused the same harm. (*Id.*) First, as the Court is now only considering whether the entry of default judgment is appropriate as to Avesi, the concerns regarding joint and several liability are no longer pertinent. Second, however, even if the Court's concerns were still relevant, SG Blocks concedes that because "the damages caused by Avesi are different from the damages caused by Saddleback," "joint and several liability seems not to be proper." (MDJ 9.) Thus, this resolves the Court's second area of concern.

          c.    <u>Engagement with the elements of the claims</u>

However, the Court's final concern—that SG Blocks failed to "actually engage with any of the elements of either of its claims"—persists. (Order Den. First Mot. Default J. 10.) Although SG Blocks does list the elements of the two remaining claims of equitable indemnity and contribution, nowhere in its argument regarding the

claims does it once point to a specific factual allegation in the FATPC that supports those elements. (*See* MDJ 9–11.)

Rather, SG Blocks litters its motion with conclusory language. For example, SG Blocks asserts that it "is entitled to contribution from all parties jointed [*sic*] with SG Blocks, which includes Avesi and Saddleback." (*Id.* at 11.) SG Blocks further states that a "subcontractor, who was actively negligent, should in equity have the primary responsibility for the quality of his own work," (*id.*), but again fails to point to any specific factual allegations in a pleading that would put Avesi on notice of any alleged negligence. Instead, SG Blocks summarily states that "the FACC contains good details regarding the defects at issue in this litigation."[4] (*Id.* at 12 (internal citations omitted).)

Furthermore, in its limited evaluation of the second and third *Eitel* factors, SG Blocks concludes that its "substantive claims appear facially meritorious[,] and the [Third-Party Complaint], combined with the allegations brought by HOLA[,] are sufficient to support a judgment." (*Id.*) The Court is particularly at a loss as to how SG Blocks reasons that these statements are sufficient to merit judgment when, in its previous Order, the Court *expressly* stated,

> In arguing that its claims are sufficiently pleaded and meritorious, SG Blocks asserts that its "substantive claims appear facially meritorious[,] and the [Third-Party Complaint], combined with the allegations brought by HOLA[,] are sufficient to support a judgment." However, in making this argument, SG Blocks does not actually engage with any of the elements of either of its claims, nor does it cite to any paragraphs in the FACC or the FATPC that contain facts which, if true, would make a prima facie case for either claim.

(Order Den. First Mot. Default J. 10 (internal citations omitted).) In its renewed motion, SG Blocks again fails to "cite to any paragraphs in the FACC or the FATPC

---

[4] The Court notes that, although this is the only reference SG Blocks makes to a pleading, it is not the pleading upon which SG Blocks moves for default judgment against Avesi.

that contain facts which, if true, would make a prima facie case for either claim." (*Id.*) Similarly, in that same Order, the Court found it insufficient for SG Blocks to conclusively state that it "has stated relevant authority pursuant to which the court may provide relief" without pointing the Court to that authority. However, here again, SG Blocks repeated that exact statement without providing any further specific context.

In summary, not only did SG Blocks fail to cure this deficiency, it also repeated all of the same language and argument that the Court identified as insufficient in its first Order denying default judgment. The Court expressly informed SG Blocks that "to obtain a judgment, SG Blocks must point to allegations . . . regarding what actually happened at the Project . . . sufficient to place Avesi . . . on notice of the nature of the potential liability." (*Id.* at 11.) Yet, other than stating that the FACC "contains good details regarding the defects at issue" and that the "substantive claims appear facially meritorious," SG Blocks does not once cite to a pleading when arguing that its claims are sufficiently pleaded. The Court therefore **DENIES** SG Blocks's motion for entry of default judgment on the same basis as in its first Order denying the same request.

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Saddleback's Motion to Set Aside Default.  (ECF No. 194.)  Saddleback shall respond to SG Blocks's FATPC no later than **fourteen days** from the date of this Order.

The Court also **DENIES AS MOOT** SG Blocks's Motion for Default Judgment as to Saddleback.  Furthermore, having already once provided SG Blocks with leave to amend its motion for default judgment, the Court **DENIES** SG Blocks's Motion for Entry of Default Judgment as to Avesi **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.**

February 20, 2024

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**